# EXHIBIT A

Electronically Filed - Jackson - Independence - November 16, 2018 - 03:54 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| **SHAYANNE BOWMAN**<br>1208 NE Coronado Ct.<br>Lee's Summit, MO 64086 | ) |
| | ) |
| **JACKQUELYNN MORTENSON**<br>1113 SW Trail Ridge D.<br>Blue Springs, MO 64015 | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    CASE NO. _____ |
| | ) |
| **DLORAH, INC., d/b/a/**<br>**NATIONAL AMERICAN UNIVERSITY**<br>Serve at Registered Agent:<br>CSC-Lawyers Incorporating Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101 | )    **JURY TRIAL DEMANDED** |
| | ) |
| and | ) |
| | ) |
| **STACY J. WILTON**<br>Serve at:<br>7035 W. 87th St.<br>Apt. 2705W<br>Overland Park, KS 66212 | ) |
| | ) |
| and | ) |
| | ) |
| **TYREE SMITH**<br>To be served via counsel:<br>Gene Graham<br>19049 E. Valley View Parkway<br>Independence, MO 64055 | ) |
| | ) |
| and | ) |
| | ) |
| **ROBIN D. COOK**<br>Serve at:<br>5747 N. London Ave.<br>Kansas City, MO 64151 | ) |
| | ) |
| and | ) |

**JOHN DOES 1-10**                          )
                                            )
and                                         )
                                            )
**JANE DOES 1-10**                          )
                                            )
              Defendants.               )

## PETITION FOR DAMAGES

Plaintiffs, through counsel, allege and state the following causes of action against Defendants:

## PLAINTIFFS

1.      Plaintiffs are both individuals over the age of eighteen (18).

2.      Both Plaintiff Jackquelynn Mortenson (f/k/a Jackquelynn Fields) and Shayanne Bowman attended, at all relevant times, the Independence, Missouri campus of Defendant Dlorah, Inc., ("NAU").

## DEFENDANTS

3.      Defendant Dlorah, Inc., d/b/a National American University (hereinafter sometimes referred to as "NAU"), is a corporation licensed to do business in the State of Missouri and conducting business in Jackson County, Missouri at 3620 Arrowhead Avenue, Independence MO 64057.

4.      Defendant NAU's business is the operation and ownership of proprietary, for-profit, vocational, and technical institutions.

5.      Upon information and belief, Defendant Stacy Wilton was, at all material times, an admissions representative and recruiter at NAU, and was at all relevant times a resident of the State of Missouri.

2

Electronically Filed - Jackson - Independence - November 16, 2018 - 03:54 PM

6.     Upon information and belief, Defendant Tyree Smith was at all relevant times a resident of the State of Missouri in charge of the admissions and recruitment departments (or divisions of Defendant NAU serving these purposes and functions) at the Independence, Missouri campus, and served in a direct position of authority and supervision over employees charged with the recruitment practices set forth herein.

7.     Defendant Robin Cook was a NAU financial aid representative that required further loans and funds, and pursued the Plaintiffs within the facility, even pulling them out of class and to impress upon them the urgent need for additional funding to complete the programs for which Plaintiffs had been previously been promised a lesser total cost, and as a result created multiple revolving loans, more damaging to Plaintiffs' credit, and all a part of the scheme of fraudulent and misleading representations that said programs were accredited.

8.     John Does and Jane Does are individuals employed at all times relevant hereto by Defendant NAU  and who participated in the fraud, concealment and conspiracies set forth herein but whose identities are within the control of named defendants and unknown to Plaintiffs.

## JURISDICTION & VENUE

9.     Jurisdiction is proper in this Court pursuant to R.S.Mo. § 506.500 in that all material acts alleged herein took place in Missouri, and Plaintiffs are seeking damages in excess of $15,000.

10.     Venue is proper in this Court pursuant to R.S.Mo. § 508.010 because Plaintiffs were, at all relevant times residents of Eastern Jackson County Missouri, and/or their injuries were suffered and caused, and their causes of action arose in Eastern Jackson County, Missouri,

and/or because several Defendants reside in – or have registered agents in – Eastern Jackson County, Missouri.

## JOINDER OF CLAIMS

11.     Joinder of Plaintiffs' claims are permissible pursuant to Missouri Supreme Court Rule 52.05(a) in that the claims alleged herein arise out of the same series of occurrences and involve common questions of law and fact.

## TOLLING OF STATUTE OF LIMITATIONS

12.     Any applicable statutes of limitation were tolled by Defendants' knowing and active concealment and denial of the facts as alleged herein. Plaintiffs were kept ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs could not reasonably have discovered the true nature of Defendants' fraudulent scheme.

13.     Defendants are and were under a continuing duty to disclose to Plaintiffs the true character, quality and nature of Defendants' program, specifically including but not limited to the truth regarding certification as set forth more fully below, about which Defendants not only concealed, but actively misrepresented as a fact, and which Defendants' specifically concealed and kept Plaintiffs from discovering. Because of Defendants' purposeful failure to disclose and active concealment of the true character, terms and nature of their program, Defendants are estopped from relying on any statutes of limitation in their defense of this action.

14.     Plaintiffs did not discover in fact, and could not have reasonably discovered, Defendants' fraudulent scheme until no sooner than March 2014 they discovered for the first time that the specific, detailed promises made to them by Defendants, and upon which they relied were not true, were false at the time they were made, and thus revealed for the first time

the true nature of Defendants' specific conduct of marketing, deceptive and false enrollment practices, affirmative misrepresentations and concealments, and therefore any statute of limitations is tolled until the time of that discovery.

15.     As a result, any and all applicable statutes of limitations were tolled, and all Plaintiffs named herein timely seek recovery of all damages allowable under the law.

## **GENERAL ALLEGATIONS REGARDING DEFENDANTS**

16.     Dlorah, Inc. is a for-profit corporation, which operates National American University ("NAU"), a private for profit postsecondary vocational institution with campuses throughout the United States, and specifically in the State of Missouri.

17.     NAU participates, or at all relevant times hereto participated, in federal student loan and grant programs. These programs include, among others, the William D. Ford Federal Direct Loan Program (Direct Loans), the Federal Pell Grant Program, and campus-based aid programs. Grants do not have to be repaid by students, while loans must be repaid whether or not a student completes a degree program. However, in many instances, funds from either source (grants or loans) are limited in the amount any one borrower may receive.

18.     Having identified the opportunity to tap into guaranteed payment through federal loan programs, while shielding itself from any risk resulting from its students' student loan defaults, NAU purposely entices prospective students to enroll and apply for student loans they cannot pay back through a systematic, deceptive marketing scheme. It conducts this scheme in large part through its publications, advertisements, recruiting materials and individuals "recruiters" and enrollment "advisors."

Electronically Filed - Jackson - Independence - November 16, 2018 - 03:54 PM

19. At all times relevant hereto, Defendants intentionally engaged in a pattern and practice of deceptive conduct and of making certain fraudulent misrepresentations and omissions to Plaintiffs and other prospective students.

20. NAU deceived students about federal financial aid, the true cost of attending NAU, the true nature and value of NAU's accreditations including specific accreditation and certification for specific vocations, the quality and reputation of its academic programs, including affirmative promises that instructors are specifically certified in the fields in which instruction is given when this was not the case, and defendants knew it was not the truth, guaranteed employment to potential students, including named Plaintiffs here, and purposefully and specifically misrepresented employment prospects and career placement services its graduates will receive, affirmatively promising job placement and specific rates of pay therefor to students not yet graduated, and many other false representations and promises.

21. In one particular and relevant example, NAU specifically and expressly, both by way of direct communication with Plaintiffs, and through signage and written materials, represented that the Medical Assistant Program or "degree" was accredited by a specific accrediting at the time of the Plaintiffs' recruitment to NAU, and would remain so through their attendance and graduation.

22. This was a material and vital part of the recruitment of these Plaintiffs, and was essential to their decision to attend NAU.

23. But for the repeated and affirmative promises, statements, and representations that NAU's Medical Assistant Program was accredited, Plaintiffs would not have attended NAU.

24. NAU, at all times relevant hereto, trained and deployed an army of aggressive, persistent enrollment advisors to reach out and recruit students directly, persuade current

students to continue taking courses with no value and re-apply for additional and unnecessary governmentally guaranteed loans, and to purchase, with those funds, additional materials and credit hours from NAU, often extending the "required" length of programs after the given student, including specifically these Plaintiffs have enrolled and taken on significant loans guaranteed in part or in whole by the federal government, which is purposefully and aforethought designed to increase the amount of money paid to NAU, all with no risk to it.

25.     Collectively, these tactics drive NAU's enrollment practices and work to the company's great financial benefit, at the expense of its students, the federal government, and the American taxpayers.

26.     In addition, at all times relevant hereto, NAU concealed from Plaintiffs material facts concerning their specific programs of study and made affirmative and factually specific, false representations and promises regarding their specific programs of study.

## GENERAL ALLEGATIONS REGARDING THE ENROLLMENT AND EXPERIENCE OF PLAINTIFFS

27.     Plaintiffs are former NAU students.

28.     Defendants' pattern and practice of deceptive conduct and fraudulent misrepresentations and omissions was designed to, and in fact did, induce students, including specifically these Plaintiffs, to enroll in various programs.

29.     On information and belief, Defendants' misrepresentations and omissions were made with Defendants' knowledge and approval and on Defendants behalf through:

a)  Direct mail advertisement. The identity of the individuals responsible for the content of this information is in the sole possession of Defendants, and their agents, and remains unknown at this time.

7

Electronically Filed - Jackson - Independence - November 16, 2018 - 03:54 PM

b) Television advertisements. The identity of the individuals responsible for the content and the identity of the individuals in the television advertisements is in the sole possession of Defendants, and their agents, and remains unknown at this time.

c) NAU recruitment materials including the NAU catalog: The identity of the individuals responsible for the content of this information is in the sole possession of Defendants, and their agents, and remains unknown at this time.

d) NAU enrollment advisors, academic coordinators, admissions officers, retention coordinators, externship coordinators, financial aid officers, recruiters and administrative staff.

30.     The location of Defendants' misrepresentations and omissions occurred at:

a) Plaintiffs' home;

b) At NAU campus(es);

c) At career fairs or similar enrollment drive events;

d) Through transmission of television or other advertisements;

e) Online directed media and targeted advertising campaigns;

f) And in other ways yet to be discovered.

31.     Defendants' misrepresentations and omissions were made to Plaintiffs prior to their enrollment, during their enrollment and after completion of the program and continued up and through March 2014 when Plaintiffs, for the first time, discovered them.

32.     At all times relevant hereto, NAU made the following misrepresentations to Plaintiffs upon which they reasonably relied:

a) that its programs would provide an adequate educational experience comparable to other area degree programs in the same field, and would meet objectively measured minimum standards of training;

b) that any educational credits earned at NAU would transfer and would apply towards a degree program at another school;

c) that NAU's instructors all had degrees, specific certifications, were experienced in their respective fields, and/or in the fields in which they provide instruction;

d) that NAU's programs were more rigorous and thorough than other area schools, thereby making NAU graduates more competitive in the job market and specific representations of fact that area employers in fact did hire more graduates from NAU than other schools;

e) that enrolling in its evening classes offered all of the same benefits as the day classes, including specifically but not limited to those benefits set forth in above paragraphs;

f) that the cost of the program would be a specific dollar amount, which was less than NAU knew would be the actual cost of the program;

g) that Plaintiffs were eligible for government grants that would largely offset the program costs, and any remaining program costs would be paid for through student loans, even though NAU and its authorized employees and agents knew these statements to be false when made, or without knowledge of the truth though stated as affirmative fact;

9

h)  that NAU would provide Plaintiffs with qualified externships within a certain time frame and within specific fields of study and geographic locations;

i)  that NAU guaranteed Plaintiffs a job, and at a specific wage;

j)  that NAU would provide specific, qualified instructions as to interviews, drafting resumes, and job placement;

k)  that the specific program of study in which Plaintiffs were interested, and in fact did enroll in, was and would remain accredited; and

l)  In all other ways demonstrated by the admitted evidence at the jury trial in this matter.

33.    As a result of, and in reliance on, these and other representations and misstatements of fact, Plaintiffs enrolled and were assisted in applying for financial aid in the form of student loans, which loans must be repaid by Plaintiffs after graduation from NAU.

34.    After their enrollment at NAU, and after Plaintiffs had already borrowed significant funds directly paid to NAU, Plaintiffs discovered that many of Defendants' material representations regarding the purported benefits of attending NAU were false and/or misleading in numerous respects, including the following:

a)  Educational credits earned at NAU were not transferable towards programs at other schools, and in fact were deemed worthless by the very institutions that NAU affirmatively promised would accept them, including but not limited to area schools such as Penn Valley and Park University, by way of two examples only;

10

b) The program in which Plaintiffs enrolled lasted longer and was more expensive than Defendants represented; and due to limitations of staff and class offerings, were unable to be completed in the timeframe promised;

c) Plaintiffs' instructors did not have the minimum specific qualifications or experience that Defendants represented and promised;

d) There was a high degree of employee turnover. Plaintiffs' instructors were frequently fired or suddenly gone during the middle of the course, and replaced with temporary or substitute "professors" who would affirmatively inform Plaintiffs that they did not know anything about and in some instances classes were held with no instructor at all;

e) The evening classes in fact did not offer all of the same benefits as the day classes; there   was no administrative staff available to assist students during evening and night hours, despite express promises that there would be, and many of the facilities were even closed; moreover, the evening courses were significantly limited and difficult to schedule, resulting in delayed graduation dates, continued loan applications, and again, increased payments to Defendants, all of which Defendants knew at the time they promised otherwise;

f) The student loans and grants did not include the total cost of the students program resulting in debt that Plaintiff were never informed of, and in direct contradiction to the representations and promises made by Defendants to entice Plaintiffs to enroll at NAU; and included fees, item and equipment fees, and other charges that Defendants billed to Plaintiffs without their knowledge

11

or agreement, and the items for which were never asked for by, nor provided to, Plaintiffs; and

g) In other ways demonstrated by the admitted evidence at any trial in this matter.

35.     Specifically, in or shortly after March 2014, the Plaintiffs learned for the first time that the NAU "MA" program in which they had enrolled and graduated from was not accredited.

36.     Due to the misrepresentations and other conduct as set forth herein of NAU, Plaintiffs will not be and have not been trained in the subject areas in which they enrolled, will not receive the specific jobs they were promised, nor the salaries they were promised upon graduation, and will fail to attain accreditation in their fields due to a failure of NAU to properly provide an education which will allow accreditation, and the "education" received from NAU, has no value to Plaintiffs, and instead has resulted in crippling debt.

37.     Due to NAU's misrepresentations and other conduct as set forth herein, Plaintiffs will not fulfill their commitments to their children and family members; will not fulfill their desire for self-improvement through personal study and course work at NAU, and have been denied the self-improvement and edification personal to each Plaintiff herein.

38.     Plaintiffs borrowed thousands, and even tens of thousands of dollars, to attend NAU only to discover later that their degrees and "education" are worthless and their credits won't transfer, even to the point where at least one Plaintiff's current employer refused to accept her NAU credits as evidence of further qualification of employment.  Now Plaintiffs are thousands of dollars in debt, for no value in return, have not bettered themselves through study as they were promised, have not improved their understanding of the world in which they live,

and have not provided an example to their children as to the importance of pursuing and securing post high-school education, as was a material purpose and reason for seeking education and training at NAU.

39.     Plaintiffs have been damaged not only in terms of inability to earn a living in their field upon graduation but also because they must repay the student loans NAU assisted them in obtaining, which are substantial.

<u>COUNT I</u>
**FRAUDULENT MISREPRESENTATION**
**(Against all Defendants)**

40.     Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

41.     Defendants made material misrepresentations in order to induce Plaintiffs to enroll as students in its facility including but not limited to:

      a.  Job placement and job demand;

      b.  Promised starting salary;

      c.  Graduation rates;

      d.  Instructors certifications and qualification;

      e.  Quality of education;

      f.  Transferability of credits to other institutions; and

      g.  Cost and duration of programs.

42.     At the time Defendants made the representation, Defendants knew that the representations were false, or did not know whether the representations were true or false.

43.     At the time of said representation, Defendants intended for Plaintiffs to rely on the representations.

44.     Plaintiffs had a right to rely on Defendants' representation and did, in fact, rely on such representations.

45.     That in reliance on NAU's material misrepresentations, Plaintiffs enrolled in its facility and were assisted in applying for financial aid in the form of student loans which they must repay regardless of NAU's breach of material promises and representations to Plaintiffs.

46.     As a direct and proximate result of Defendants' fraudulent representation the Plaintiffs have incurred damages.

47.     Defendants' acts were outrageous due to Defendants' evil motive or reckless indifference to the rights of others, entitling Plaintiffs to an award of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others for like conduct.

WHEREFORE, Plaintiffs pray for judgment against all Defendants for such sums as are fair and reasonable, including punitive damages, together with any and all costs herein incurred, and for such other relief this Court deems just and proper.

## COUNT II
## NEGLIGENT MISREPRESENTATION
### (Against all Defendants)

48.     Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

49.     Defendants made material misrepresentations in order to induce Plaintiffs to enroll as students in its facility.

50.     In making said representation, Defendants failed to use ordinary care.

51.     At the time of said representation, Defendants intended for Plaintiff to rely on the representation.

14

52.     In reliance on the material misrepresentations of NAU, Plaintiffs enrolled in its facility and Plaintiffs were assisted in applying for financial aid in the form of student loans, Plaintiffs must repay loans after graduation from NAU.

53.     These misrepresentations were material to Plaintiffs' enrollment in its facility.

54.     Plaintiffs relied on the information supplied by Defendants and such reliance was reasonable under the circumstances.

55.     As a direct and proximate result of Defendants' negligent misrepresentation Plaintiffs have been injured and damaged as herein described.

56.     Defendants' acts were outrageous due to Defendants' evil motive or reckless indifference to the rights of others, entitling Plaintiffs to an award of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others for like conduct.

WHEREFORE, Plaintiffs pray for judgment against all Defendants for such sums as are fair and reasonable, including punitive damages, together with any and all costs herein incurred, and for such other relief this Court deems just and proper.

## COUNT III
## CIVIL CONSPIRACY
### (Against All Defendants)

57.     Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

58.     Defendants had an agreement and/or understanding, that they would use a pattern of advertising, deceptive enrollment and recruitment techniques to entice Plaintiffs, and other students, to enroll at NAU, all with the purposes of charging exaggerated fees, tuition, and costs, and for the benefit of defendants.

15

59. The NAU individual officers or agents had an "independent and personal stake in achieving the object of the conspiracy," in that the fraud was implemented for individual Defendants' personal financial gain, and not in the best interests of NAU's stated mission and purpose as an educational institution, and was inconsistent with, and contrary to the obligations and rules and regulations by which they agreed to abide when accepting certain financial aid.

60. The individual Defendants receive compensation in the form of money, travel and/or trips, and other gratuities yet to be discovered directly or indirectly tied to their ability to further the conspiracy and fraud as set forth herein upon prospective and current students, specifically including Plaintiffs here. Their compensation was, at all relevant times, directly and/or indirectly tied to the profitability of NAU.

61. In addition, NAU and individual Defendants conspired with other persons, entities or organizations, including trade organizations and accreditation entities. All Defendants and these non-party conspirators developed and perpetrated an "accreditation" scheme designed to deceive members of the public into believing they were legitimate schools.

62. In attempting to accomplish their goal Defendants committed one or more overt acts as fully enumerated above.

63. As a direct and proximate result of Defendants' acts in furtherance of this conspiracy, Plaintiffs have incurred damages.

64. Defendants' acts were outrageous due to Defendants' evil motive or reckless indifference to the rights of others, entitling Plaintiffs to an award of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others for like conduct.

WHEREFORE, Plaintiff prays for judgment against all Defendants for such sums as are

fair and reasonable, including punitive damages, together with any and all costs herein incurred, and for such other relief this Court deems just and proper.

<u>COUNT IV</u>
**VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT**
**(Against all Defendants)**

65.     Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

66.     Plaintiffs and Defendants are within the definition of "person" under the Missouri Merchandising Practices Act, R.S.Mo. § 407.010, et seq.

67.     Defendants' statements to induce Plaintiffs to enroll at NAU constitute "advertisements" as defined by R.S.Mo. § 407.010(1).

68.     The objects of the educational programs and services offered by Defendant NAU constitute merchandise as defined by R.S.Mo. § 407.010(4).

69.     Defendants' advertising, offering for sale, and/or sale of merchandise constitutes "trade" or "commerce" as defined by R.S.Mo. § 407.010(7).

70.     Plaintiffs purchased merchandise from Defendants primarily for personal, family, or household purposes within the meaning of R.S.Mo. § 407.025.1. The purposes of Plaintiffs' purchase include but are not limited to:

a)      Personal satisfaction of achieving a goal;

b)      Personal desire to become educated;

c)      General interest in subject matter;

d)      Motivating other family members, including their children to continue getting an education;

e)      Belonging to an organization, and being a part of a similarly-minded and motivated group of peers;

17

f) To better provide for the personal needs of their household, including food, clothing, heat and shelter;

g) To use credits to apply to another degree;

h) Accreditation by appropriate professional and/or licensing bodies permitting access to greater continuing legal education resources, more professional opportunities for employment and advancement within their employment; and

i) Self-improvement and awareness, including but not limited to the better understanding of social groups, political organizations and family groups of which they were apart, the impact and application of technology to individuals, edification and self-study and exposure to literature, historical factors of citizenship, and many others to be established at trial.

71. Defendants engaged in a pattern and practice of using concealment, suppression and omission of material facts in connection with the advertising and sale of merchandise in trade or commerce in violation of R.S.Mo. § 407.020.1.

72. As a direct result of Defendants' violations of the Missouri Merchandising Practices Acts by Defendants, Plaintiff sustained an ascertainable loss of money, including but not limited to; the amounts paid by Plaintiff in tuition and other fees to attend NAU, and lost past and future earnings that lack of proper and specifically promised accreditation have foreclosed.

73. Defendants' acts were outrageous due to Defendants' evil motive or reckless indifference to the rights of others, entitling Plaintiffs to an award of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others for like conduct.

WHEREFORE, Plaintiffs pray for judgment against all Defendants for such sums as are fair and reasonable, including punitive damages, together with any and all costs herein incurred, attorney fees and penalties and for such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL OF ALL ISSUES

74.     Plaintiffs demand a trial by jury of all issues in this case.

Date:  November 16, 2018               Respectfully submitted,

                                            HUMPHREY, FARRINGTON & McCLAIN, P.C.

                                            */s/ Andrew K. Smith*

Andrew K. Smith                                    #60485
221 W. Lexington, Suite 400
P.O. Box 900
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
aks@hfmlegal.com

ATTORNEYS FOR PLAINTIFFS

Electronically Filed - Jackson - Independence - November 16, 2018 - 03:54 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

SHAYANNE BOWMAN, ET AL.    )
            )
    Plaintiffs,        )
            )      Case No.:_____
v.               )
            )      Division No.:_____
DLORAH, INC., d/b/a/ NAU, ET AL.    )
    Defendants,       )

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiffs, by and through counsel, and pursuant to Local Rule 4.9 of Jackson

County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations,

Inc.:

| | | | | | |
|---|---|---|---|---|---|
| Jan E. Adams | PPS18-0228 | Grace M. Hazell | PPS18-0321 | Nancy A. Porter | PPS18-0505 |
| Michelle L. Adams | PPS18-0229 | Charles Helms | PPS18-0323 | Andre Powell | PPS18-0341 |
| Roger E. Adams | PPS18-0230 | Austen Hendrickson | PPS18-0324 | Robert Proffitt | PPS18-0342 |
| Melinda Allender | PPS18-0232 | Jesse J. Hernandez | PPS18-0325 | Robert J. Pyle | PPS18-0343 |
| Victor R. Aponte | PPS18-0233 | James M. Hise | PPS18-0017 | Galen Quinn | PPS18-0506 |
| Felycia Aranda | PPS18-0443 | Gary F. Hodges | PPS18-0326 | Charles J. Reardon | PPS18-0344 |
| Erica Austin | PPS18-0234 | Leonard Horseman | PPS18-0327 | Derek L. Reddick | PPS18-0345 |
| Mark Avery | PPS18-0568 | Christopher T. Horton | PPS18-0328 | Angela Reed | PPS18-0346 |
| Keli A. Baltazar | PPS18-0235 | Demarian Houston | PPS18-0329 | Christopher Reed | PPS18-0347 |
| Michael J. Barry | PPS18-0237 | Martin J. Hueckel | PPS18-0330 | Betty G. Rice | PPS18-0348 |
| Joseph L. Baska | PPS18-0238 | Damion Huger | PPS18-0474 | Karen L. Rice | PPS18-0349 |
| Robert Bassler | PPS18-0444 | William Humble | PPS18-0331 | Debra Rios | PPS18-0351 |
| Laura Beckham | PPS18-0569 | Kenneth Hunt | PPS18-0584 | David M. Roberts | PPS18-0209 |
| Redovane Belkhabbiz | PPS18-0240 | Mary Hurley | PPS18-0332 | Patricia J. Roberts | PPS18-0210 |
| Shanna Blackwell | PPS18-0241 | Betty A. Johnson | PPS18-0022 | Jeroy Robinson | PPS18-0352 |
| Dianna J. Blea | PPS18-0242 | Edward M. Johnson | PPS18-0023 | Sammie Robinson | PPS18-0096 |
| Richard J. Blea | PPS18-0243 | James D. Johnson | PPS18-0024 | Sinai A. Rodriguez | PPS18-0509 |
| Robert Blixt | PPS18-0244 | Mike Johnson | PPS18-0333 | David Rojas | PPS18-0510 |
| Ann Bollino | PPS18-0245 | Louis Jones | PPS18-0587 | Antonio Roque | PPS18-0353 |
| Donnie C. Briley | PPS18-0247 | Samuel L. Jones, Jr. | PPS18-0478 | Richard C. Ross, Jr. | PPS18-0354 |
| Dan Brouillette | PPS18-0570 | Haile Kahssu | PPS18-0334 | Eric Rubin | PPS18-0595 |
| Douglas S. Brower | PPS18-0571 | Jeff Keyton | PPS18-0480 | Melissa A. Ruiz | PPS18-0511 |
| Kelley Brown | PPS18-0248 | Donna J. King | PPS18-0482 | Edna L. Russell | PPS18-0050 |
| Kenneth H. Brown, Jr. | PPS18-0249 | Wyman Tracy Kroft | PPS18-0483 | Lee H. Russell | PPS18-0512 |
| Hester R. Bryant | PPS18-0074 | Thomas R. Kroll | PPS18-0484 | Mark A. Russell, Jr. | PPS18-0355 |
| Frank Bursa | PPS18-0251 | Jeffrey A. Kuenzi | PPS18-0485 | John T. Sadler, Jr. | PPS18-0356 |
| Maurice Burton, Sr. | PPS18-0446 | Kelly Land | PPS18-0336 | Benjamin Schollnick | PPS18-0357 |
| William J. Caputo | PPS18-0449 | JoAnn Lane | PPS18-0337 | Barbara A. Scott | PPS18-0513 |
| Charles Casey | PPS18-0252 | John M. Laukaitis | PPS18-0338 | Nathaniel Scott | PPS18-0358 |
| George L. Castillo | PPS18-0253 | Rick V. Leeds | PPS18-0339 | Cory Shields | PPS18-0514 |

| | | | | | |
|---|---|---|---|---|---|
| Shelia Cherry | PPS18-0254 | John D. Lichtenegger | PPS18-0340 | Mark O. Shiver | PPS18-0596 |
| Trenia Cherry | PPS18-0255 | Bert Lott | PPS18-0263 | Ronald H. Slingerland | PPS18-0054 |
| John R. Choate | PPS18-0451 | Isaiah Lynch | PPS18-0264 | Jeremy S.R. Small | PPS18-0359 |
| John A. Clor | PPS18-0452 | Daniel Maglothin | PPS18-0084 | Bryan J. Smith | PPS18-0360 |
| Kenneth V. Condrey | PPS18-0256 | Robert G. Maliulk | PPS18-0486 | Monica Smith | PPS18-0361 |
| Sharon B. Condrey | PPS18-0257 | J. Matthews Manlich | PPS18-0266 | Anthony Spada | PPS18-0362 |
| William Cooper | PPS18-0258 | Robert Manning | PPS18-0267 | Melissa Spencer | PPS18-0363 |
| Karen A. Crohan | PPS18-0455 | David Martin | PPS18-0487 | Jamie P. Stallo | PPS18-0364 |
| Laura Crum | PPS18-0456 | Rick McClain | PPS18-0270 | Randy Stone | PPS18-0163 |
| Dennis Dahlberg | PPS18-0259 | Michael J. McMahon | PPS18-0272 | Steven A. Stosur | PPS18-0515 |
| Mary Dahlberg | PPS18-0260 | Gary E. McQuaid | PPS18-0273 | James Swickle | PPS18-0518 |
| Charles Deeck | PPS18-0457 | Michael Meade | PPS18-0274 | Michael D. Talone | PPS18-0519 |
| Dominic DellaPorte | PPS18-0261 | Pamela Meadows | PPS18-0275 | Jeffrey Teitel | PPS18-0365 |
| Ricardo Delpratt | PPS18-0262 | James Mehr | PPS18-0276 | Lisa Thomas | PPS18-0520 |
| Stephanie Diaz | PPS18-0298 | Jerry Melber | PPS18-0277 | Perry Thomas | PPS18-0366 |
| Kathleen B. DiNunno | PPS18-0458 | James O. Miller, Jr. | PPS18-0489 | Robert H. Thomas | PPS18-0599 |
| John Dippenworth | PPS18-0299 | David W. Milligan | PPS18-0278 | Scott L. Thomas | PPS18-0522 |
| Alexander C. Djaine | PPS18-0300 | Jamalynnetta R. Milligan | PPS18-0279 | Walt Thomas | PPS18-0523 |
| Clauda A. Dohn | PPS18-0301 | Christopher Miranda | PPS18-0490 | Vanessa Thompson | PPS18-0367 |
| Dale Dorning | PPS18-0302 | James Mitchell | PPS18-0281 | Christina Tiffany | PPS18-0368 |
| Terrence Drew | PPS18-0459 | Lisa G. Moberg | PPS18-0284 | Yahola Tiger, Jr. | PPS18-0369 |
| Roland Duff | PPS18-0303 | Emmanuel F. Morales | PPS18-0491 | Ryan Tith | PPS18-0524 |
| Dennis Durflinger | PPS18-0460 | Carlos A. Moreno | PPS18-0592 | Gabriel Tranum | PPS18-0370 |
| Kenneth Eberle | PPS18-0461 | Michael S. Morrison | PPS18-0492 | Lawrence VanSertima | PPS18-0525 |
| Abel Emiru | PPS18-0304 | Andrew Myers | PPS18-0087 | Margarita Vasquez | PPS18-0371 |
| Donald C. Eskra, Jr. | PPS18-0463 | Frederick M. Myers | PPS18-0088 | Robert E. Vick, II | PPS18-0372 |
| Leticia Estrada | PPS18-0464 | Stephanie Myers | PPS18-0090 | Michele VonEisengrein | PPS18-0600 |
| Robert D. Fairbanks | PPS18-0465 | Wendy Neff | PPS18-0285 | Bradley S. Votaw | PPS18-0170 |
| David S. Felter | PPS18-0305 | Keith D. Niziankiewicz | PPS18-0593 | Joseph T. Wachowski | PPS18-0527 |
| Robert D. Finley | PPS18-0306 | Michael Noble | PPS18-0286 | Ambiko Wallace | PPS18-0373 |
| Stephen H. Folcher | PPS18-0308 | Michael C. Nolan | PPS18-0287 | Michael Walton | PPS18-0601 |
| Christine Foran | PPS18-0579 | Trinity Olson | PPS18-0288 | Daniel R. Ward | PPS18-0529 |
| Darlo W. Forbes | PPS18-0309 | Jessie Ortiz | PPS18-0289 | Vance M. Warren, Jr. | PPS18-0375 |
| Tanya S. Forbes | PPS18-0310 | Roger Padilla | PPS18-0499 | Kendall Washington | PPS18-0376 |
| Travis Foster | PPS18-0311 | Craig Palmer | PPS18-0500 | LaMonica Watson | PPS18-0531 |
| Jim Frago | PPS18-0011 | Cynthia Paris | PPS18-0290 | Jeff Whitzel | PPS18-0603 |
| Richard Gerber | PPS18-0467 | Douglas W. Patterson | PPS18-0501 | Alana J. Willis | PPS18-0380 |
| Paul Gizel | PPS18-0469 | Antonio B. Perez | PPS18-0291 | D. Ariel Wilson | PPS18-0381 |
| Steven D. Glenn | PPS18-0314 | Jaron Perkins | PPS18-0502 | Mitchell A. Wirth | PPS18-0604 |
| Ronda Godard | PPS18-0315 | George R. Perry, Jr. | PPS18-0292 | Ann Wixom | PPS18-0533 |
| Adam Golden | PPS18-0316 | Terrance Perry | PPS18-0594 | Debra Woodhouse | PPS18-0098 |
| Tom Gorgone | PPS18-0317 | Kacie Phelps | PPS18-0293 | Jerry Wooten | PPS18-0382 |
| Aloysius C. Guy, Sr. | PPS18-0582 | Kristen Phin-Ceppos | PPS18-0294 | Sandra Yade | PPS18-0608 |
| David Hahn | PPS18-0472 | Gregory Piazza | PPS18-0503 | Chona F. Young | PPS18-0534 |
| Eric Hahn | PPS18-0473 | Vincent Piazza | PPS18-0295 | Edwin Young | PPS18-0383 |
| Darnell E. Hamilton | PPS18-0318 | Timothy S. Pinney | PPS18-0296 | Rich Zechiel | PPS18-0610 |
| Alan K. Hancock | PPS18-0319 | Craig J. Podgurshi, Jr. | PPS18-0504 | Sarah E. Zirakian | PPS18-0535 |
| Larry Haynes | PPS18-0320 | Deanna Polk | PPS18-0297 | | |

2

as private process servers in the above-captioned matter. In support of said motion, Plaintiffs state that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file are current and still correct.

Respectfully Submitted,

HUMPHREY FARRINGTON & McCLAIN, P.C.

/s/ *Andrew K. Smith*
ANDREW SMITH      #60485
221 W. Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
Telephone:     (816)8236-5050
Facsimile:      (816)836-8966
aks@hfmlegal.com
**ATTORNEY FOR PLAINTIFFS**

3

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: **_____**        **_____**

                                                        Judge or Circuit Clerk

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

SHAYANNE BOWMAN,

                 **PLAINTIFF(S),**           **CASE NO. 1816-CV30104**

**VS.**                                          **DIVISION 16**

 **DLORAH, INC ET AL,**

                 **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **20-MAR-2019** in **DIVISION 16** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

       a.      A trial setting;

       b.      Expert Witness Disclosure Cutoff Date;

       c.      A schedule for the orderly preparation of the case for trial;

       d.      Any issues which require input or action by the Court;

       e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **MARCO A ROLDAN**
MARCO A ROLDAN**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ANDREW K SMITH, 221 W LEXINGTON SUITE 400, INDEPENDENCE, MO 64051

Defendant(s):
 DLORAH, INC
STACY WILTON
TYREE SMTIH
ROBIN COOK
 JOHN DOES
JANE DOES

Dated: 19-NOV-2018

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Independence - November 16, 2018 - 03:54 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

SHAYANNE BOWMAN, ET AL. )
)
    Plaintiffs, )
v. ) Case No.:_____
)
DLORAH, INC., d/b/a/ NAU, ET AL. ) Division No.:_____
    Defendants, )

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiffs, by and through counsel, and pursuant to Local Rule 4.9 of Jackson

County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations,

Inc.:

| | | | | | |
|---|---|---|---|---|---|
| Jan E. Adams | PPS18-0228 | Grace M. Hazell | PPS18-0321 | Nancy A. Porter | PPS18-0505 |
| Michelle L. Adams | PPS18-0229 | Charles Helms | PPS18-0323 | Andre Powell | PPS18-0341 |
| Roger E. Adams | PPS18-0230 | Austen Hendrickson | PPS18-0324 | Robert Proffitt | PPS18-0342 |
| Melinda Allender | PPS18-0232 | Jesse J. Hernandez | PPS18-0325 | Robert J. Pyle | PPS18-0343 |
| Victor R. Aponte | PPS18-0233 | James M. Hise | PPS18-0017 | Galen Quinn | PPS18-0506 |
| Felycia Aranda | PPS18-0443 | Gary F. Hodges | PPS18-0326 | Charles J. Reardon | PPS18-0344 |
| Erica Austin | PPS18-0234 | Leonard Horseman | PPS18-0327 | Derek L. Reddick | PPS18-0345 |
| Mark Avery | PPS18-0568 | Christopher T. Horton | PPS18-0328 | Angela Reed | PPS18-0346 |
| Keli A. Baltazar | PPS18-0235 | Demarian Houston | PPS18-0329 | Christopher Reed | PPS18-0347 |
| Michael J. Barry | PPS18-0237 | Martin J. Hueckel | PPS18-0330 | Betty G. Rice | PPS18-0348 |
| Joseph L. Baska | PPS18-0238 | Damion Huger | PPS18-0474 | Karen L. Rice | PPS18-0349 |
| Robert Bassler | PPS18-0444 | William Humble | PPS18-0331 | Debra Rios | PPS18-0351 |
| Laura Beckham | PPS18-0569 | Kenneth Hunt | PPS18-0584 | David M. Roberts | PPS18-0209 |
| Redovane Belkhabbiz | PPS18-0240 | Mary Hurley | PPS18-0332 | Patricia J. Roberts | PPS18-0210 |
| Shanna Blackwell | PPS18-0241 | Betty A. Johnson | PPS18-0022 | Jeroy Robinson | PPS18-0352 |
| Dianna J. Blea | PPS18-0242 | Edward M. Johnson | PPS18-0023 | Sammie Robinson | PPS18-0096 |
| Richard J. Blea | PPS18-0243 | James D. Johnson | PPS18-0024 | Sinai A. Rodriguez | PPS18-0509 |
| Robert Blixt | PPS18-0244 | Mike Johnson | PPS18-0333 | David Rojas | PPS18-0510 |
| Ann Bollino | PPS18-0245 | Louis Jones | PPS18-0587 | Antonio Roque | PPS18-0353 |
| Donnie C. Briley | PPS18-0247 | Samuel L. Jones, Jr. | PPS18-0478 | Richard C. Ross, Jr. | PPS18-0354 |
| Dan Brouillette | PPS18-0570 | Haile Kahssu | PPS18-0334 | Eric Rubin | PPS18-0595 |
| Douglas S. Brower | PPS18-0571 | Jeff Keyton | PPS18-0480 | Melissa A. Ruiz | PPS18-0511 |
| Kelley Brown | PPS18-0248 | Donna J. King | PPS18-0482 | Edna L. Russell | PPS18-0050 |
| Kenneth H. Brown, Jr. | PPS18-0249 | Wyman Tracy Kroft | PPS18-0483 | Lee H. Russell | PPS18-0512 |
| Hester R. Bryant | PPS18-0074 | Thomas R. Kroll | PPS18-0484 | Mark A. Russell, Jr. | PPS18-0355 |
| Frank Bursa | PPS18-0251 | Jeffrey A. Kuenzi | PPS18-0485 | John T. Sadler, Jr. | PPS18-0356 |
| Maurice Burton, Sr. | PPS18-0446 | Kelly Land | PPS18-0336 | Benjamin Schollnick | PPS18-0357 |
| William J. Caputo | PPS18-0449 | JoAnn Lane | PPS18-0337 | Barbara A. Scott | PPS18-0513 |
| Charles Casey | PPS18-0252 | John M. Laukaitis | PPS18-0338 | Nathaniel Scott | PPS18-0358 |
| George L. Castillo | PPS18-0253 | Rick V. Leeds | PPS18-0339 | Cory Shields | PPS18-0514 |

| | | | | | |
|---|---|---|---|---|---|
| Shelia Cherry | PPS18-0254 | John D. Lichtenegger | PPS18-0340 | Mark O. Shiver | PPS18-0596 |
| Trenia Cherry | PPS18-0255 | Bert Lott | PPS18-0263 | Ronald H. Slingerland | PPS18-0054 |
| John R. Choate | PPS18-0451 | Isaiah Lynch | PPS18-0264 | Jeremy S.R. Small | PPS18-0359 |
| John A. Clor | PPS18-0452 | Daniel Maglothin | PPS18-0084 | Bryan J. Smith | PPS18-0360 |
| Kenneth V. Condrey | PPS18-0256 | Robert G. Maliulk | PPS18-0486 | Monica Smith | PPS18-0361 |
| Sharon B. Condrey | PPS18-0257 | J. Matthews Manlich | PPS18-0266 | Anthony Spada | PPS18-0362 |
| William Cooper | PPS18-0258 | Robert Manning | PPS18-0267 | Melissa Spencer | PPS18-0363 |
| Karen A. Crohan | PPS18-0455 | David Martin | PPS18-0487 | Jamie P. Stallo | PPS18-0364 |
| Laura Crum | PPS18-0456 | Rick McClain | PPS18-0270 | Randy Stone | PPS18-0163 |
| Dennis Dahlberg | PPS18-0259 | Michael J. McMahon | PPS18-0272 | Steven A. Stosur | PPS18-0515 |
| Mary Dahlberg | PPS18-0260 | Gary E. McQuaid | PPS18-0273 | James Swickle | PPS18-0518 |
| Charles Deeck | PPS18-0457 | Michael Meade | PPS18-0274 | Michael D. Talone | PPS18-0519 |
| Dominic DellaPorte | PPS18-0261 | Pamela Meadows | PPS18-0275 | Jeffrey Teitel | PPS18-0365 |
| Ricardo Delpratt | PPS18-0262 | James Mehr | PPS18-0276 | Lisa Thomas | PPS18-0520 |
| Stephanie Diaz | PPS18-0298 | Jerry Melber | PPS18-0277 | Perry Thomas | PPS18-0366 |
| Kathleen B. DiNunno | PPS18-0458 | James O. Miller, Jr. | PPS18-0489 | Robert H. Thomas | PPS18-0599 |
| John Dippenworth | PPS18-0299 | David W. Milligan | PPS18-0278 | Scott L. Thomas | PPS18-0522 |
| Alexander C. Djaine | PPS18-0300 | Jamalynnetta R. Milligan | PPS18-0279 | Walt Thomas | PPS18-0523 |
| Clauda A. Dohn | PPS18-0301 | Christopher Miranda | PPS18-0490 | Vanessa Thompson | PPS18-0367 |
| Dale Dorning | PPS18-0302 | James Mitchell | PPS18-0281 | Christina Tiffany | PPS18-0368 |
| Terrence Drew | PPS18-0459 | Lisa G. Moberg | PPS18-0284 | Yahola Tiger, Jr. | PPS18-0369 |
| Roland Duff | PPS18-0303 | Emmanuel F. Morales | PPS18-0491 | Ryan Tith | PPS18-0524 |
| Dennis Durflinger | PPS18-0460 | Carlos A. Moreno | PPS18-0592 | Gabriel Tranum | PPS18-0370 |
| Kenneth Eberle | PPS18-0461 | Michael S. Morrison | PPS18-0492 | Lawrence VanSertima | PPS18-0525 |
| Abel Emiru | PPS18-0304 | Andrew Myers | PPS18-0087 | Margarita Vasquez | PPS18-0371 |
| Donald C. Eskra, Jr. | PPS18-0463 | Frederick M. Myers | PPS18-0088 | Robert E. Vick, II | PPS18-0372 |
| Leticia Estrada | PPS18-0464 | Stephanie Myers | PPS18-0090 | Michele VonEisengrein | PPS18-0600 |
| Robert D. Fairbanks | PPS18-0465 | Wendy Neff | PPS18-0285 | Bradley S. Votaw | PPS18-0170 |
| David S. Felter | PPS18-0305 | Keith D. Niziankiewicz | PPS18-0593 | Joseph T. Wachowski | PPS18-0527 |
| Robert D. Finley | PPS18-0306 | Michael Noble | PPS18-0286 | Ambiko Wallace | PPS18-0373 |
| Stephen H. Folcher | PPS18-0308 | Michael C. Nolan | PPS18-0287 | Michael Walton | PPS18-0601 |
| Christine Foran | PPS18-0579 | Trinity Olson | PPS18-0288 | Daniel R. Ward | PPS18-0529 |
| Darlo W. Forbes | PPS18-0309 | Jessie Ortiz | PPS18-0289 | Vance M. Warren, Jr. | PPS18-0375 |
| Tanya S. Forbes | PPS18-0310 | Roger Padilla | PPS18-0499 | Kendall Washington | PPS18-0376 |
| Travis Foster | PPS18-0311 | Craig Palmer | PPS18-0500 | LaMonica Watson | PPS18-0531 |
| Jim Frago | PPS18-0011 | Cynthia Paris | PPS18-0290 | Jeff Whitzel | PPS18-0603 |
| Richard Gerber | PPS18-0467 | Douglas W. Patterson | PPS18-0501 | Alana J. Willis | PPS18-0380 |
| Paul Gizel | PPS18-0469 | Antonio B. Perez | PPS18-0291 | D. Ariel Wilson | PPS18-0381 |
| Steven D. Glenn | PPS18-0314 | Jaron Perkins | PPS18-0502 | Mitchell A. Wirth | PPS18-0604 |
| Ronda Godard | PPS18-0315 | George R. Perry, Jr. | PPS18-0292 | Ann Wixom | PPS18-0533 |
| Adam Golden | PPS18-0316 | Terrance Perry | PPS18-0594 | Debra Woodhouse | PPS18-0098 |
| Tom Gorgone | PPS18-0317 | Kacie Phelps | PPS18-0293 | Jerry Wooten | PPS18-0382 |
| Aloysius C. Guy, Sr. | PPS18-0582 | Kristen Phin-Ceppos | PPS18-0294 | Sandra Yade | PPS18-0608 |
| David Hahn | PPS18-0472 | Gregory Piazza | PPS18-0503 | Chona F. Young | PPS18-0534 |
| Eric Hahn | PPS18-0473 | Vincent Piazza | PPS18-0295 | Edwin Young | PPS18-0383 |
| Darnell E. Hamilton | PPS18-0318 | Timothy S. Pinney | PPS18-0296 | Rich Zechiel | PPS18-0610 |
| Alan K. Hancock | PPS18-0319 | Craig J. Podgurshi, Jr. | PPS18-0504 | Sarah E. Zirakian | PPS18-0535 |
| Larry Haynes | PPS18-0320 | Deanna Polk | PPS18-0297 | | |

2

as private process servers in the above-captioned matter.  In support of said motion, Plaintiffs state

that the above-named individuals are on the Court's list of approved process servers and the

information contained in their applications and affidavits on file are current and still correct.

Respectfully Submitted,

HUMPHREY FARRINGTON & McCLAIN, P.C.

/s/ *Andrew K. Smith*
ANDREW SMITH    #60485
221 W. Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
Telephone:     (816)8236-5050
Facsimile:      (816)836-8966
aks@hfmlegal.com
**ATTORNEY FOR PLAINTIFFS**

3

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____19-Nov-2018_____

DCA

Judge or Circuit Clerk

4



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | **Case Number: 1816-CV30104** |
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO 64051 |
| **vs.** | |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** DLORAH, INC
**Alias:**

**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

# PRIVATE PROCESS SERVER



***COURT SEAL OF***

***JACKSON COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

19-NOV-2018
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                                     Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | (_____ miles @ $._____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 18-SMCC-11986** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00008-HFS   Document 1-1   Filed 01/02/19   Page 31 of 50

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 1816-CV30104 |
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN | Plaintiff's/Petitioner's Attorney/Address:<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **STACY WILTON**
           **Alias:**

**7035 W. 87TH STREET**
**APT: 2705W**
**OVERLAND PARK, KS 66212**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

<u>19-NOV-2018</u>
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*            ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 18-SMOS-1033** 2 of 2 **(1816-CV30104)** Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:19-cv-00008-HFS Document 1-1 Filed 01/02/19 Page 34 of 50

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | **Case Number: 1816-CV30104** |
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN<br><div align="right">**vs.**</div> | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO  64051 |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** TYREE SMTIH<br>**Alias:**<br><br>**19049 E. VALLEY VIEW PKWY**<br>**INDEPENDENCE, MO  64055** | # PRIVATE PROCESS SERVER |



**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-NOV-2018
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____
Date

_____
Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 18-SMCC-11988**    1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00008-HFS   Document 1-1   Filed 01/02/19   Page 36 of 50

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 1816-CV30104 |
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Other Tort | INDEPENDENCE, MO 64050<br>(Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** ROBIN COOK<br>Alias:<br><br>**2747 N. LONDON AVENUE<br>KANSAS CITY, MO 64151** | **PRIVATE PROCESS SERVER** |



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-NOV-2018
_____
Date                                          Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____           _____
                                        Date                                        Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Service Information - Attorney



# CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

308 W KANSAS
INDEPENDENCE, MISSOURI 64050

**MARY A. MARQUEZ**
Court Administrator

**ANGELA E. WERKOWITCH**
Director of Civil Records

NOVEMBER 19, 2018

Josh Hawley, Attorney General
Supreme Court Building
PO Box 899
Jefferson City, Missouri  65102

RE :   SHAYANNE BOWMAN ET AL V DLORAH, INC D/B/A/ N ET AL

      Case No:  1816-CV30104

Enclosed is a copy of the petition filed in the above case.  You are being notified of this action in accordance with Section 407.25 R.S.Mo.

COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

*Teresa Morales*

Clerk

Enclosure
Mc:  Case File Folder

Electronically Filed - Jackson - Independence - November 29, 2018 - 09:38 AM

## AFFIDAVIT OF SERVICE

State of Missouri                    County of Jackson                    Circuit Court

Case Number: 1816-CV30104

Plaintiff/Petitioner:
**SHAYANNE BOWMAN**

vs.

Defendant/Respondent:
**DLORAH, INC.**

Received by HPS Process Service & Investigations to be served on **Robin Cook, 2747 North London Avenue, Kansas City, MO 64151**.

I, TRINITY OLSON, being duly sworn, depose and say that on the **19th day of November, 2018** at 6:39 pm, I:

INDIVIDUALLY SERVED the within named person with a true copy of this **Summon in Civil Case; and Petition for Damages** at the address of **2747 North London Avenue, Kansas City, MO 64151**.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ___ day
of _____ __ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13452192

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

_____
**TRINITY OLSON**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2018020466

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h



Electronically Filed - Jackson - Independence - November 29, 2018 - 09:38 AM

Electronically Filed - Jackson - Independence - November 29, 2018 - 09:38 AM



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 1816-CV30104 |
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ROBIN COOK

Alias:

2747 N. LONDON AVENUE
KANSAS CITY, MO 64151

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-NOV-2018
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at 5747 N London Ave, Kansas City MO (address)

in Platte (County/City of St. Louis), MO, on 11-19-18 (date) at 639pm (time).

Trinity Olsn
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 11-24-18 (date).

My commission expires: Jan 20 21 _____
Date                                           Notary Public

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13452192

### Sheriff's Fees

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 18-SMCC-11989** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - November 29, 2018 - 09:38 AM

## AFFIDAVIT OF SERVICE

State of Missouri                    County of Jackson                    Circuit Court

Case Number: 1816-CV30104

Plaintiff/Petitioner:
**SHAYANNE BOWMAN**

vs.

Defendant/Respondent:
**DLORAH, INC.**

Received by HPS Process Service & Investigations to be served on **Robin Cook, 2747 North London Avenue, Kansas City, MO 64151**.

I, TRINITY OLSON, being duly sworn, depose and say that on the **19th day of November, 2018** at 6:39 pm, I:

INDIVIDUALLY SERVED the within named person with a true copy of this **Summon in Civil Case; and Petition for Damages** at the address of **2747 North London Avenue, Kansas City, MO 64151**.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the _____ day
of _____ , __ _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13452192

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

**TRINITY OLSON**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2018020466

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h

Case 4:19-cv-00008-HFS   Document 1-1   Filed 01/02/19   Page 44 of 50



Electronically Filed - Jackson - Independence - November 29, 2018 - 09:38 AM

Electronically Filed - Jackson - Independence - November 29, 2018 - 09:38 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number:  1816-CV30104 |
|---|---|
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO  64051 |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Other Tort | <div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

The State of Missouri to:  ROBIN COOK
Alias:

2747 N. LONDON AVENUE
KANSAS CITY, MO 64151

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

19-NOV-2018
Date

Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

[ ] other _____.

Served at 5747 N London Ave, Kansas City MO (address)

in Platte (County/City of St. Louis), MO, on 11-19-18 (date) at 639 pm (time).

Trinity Olsn
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 11-24-18 (date).

My commission expires: _____ _____
                          Date        Notary Public

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13452192

#### Sheriff's Fees
| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $      10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 18-SMCC-11989**   1  of  1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00008-HFS   Document 1-1   Filed 01/02/19   Page 46 of 50

Electronically Filed - Jackson - Independence - December 13, 2018 - 09:56 AM

# **AFFIDAVIT OF SERVICE**

**State of Missouri**                    **County of Jackson**                              **Circuit Court**

Case Number: 1816-CV30104

Plaintiff/Petitioner:
**SHAYANNE BOWMAN**
vs.
Defendant/Respondent:
**DLORAH, INC.**

Received by HPS Process Service & Investigations to be served on **DLORAH, INC., 221 Bolivar Street, Jefferson city, MO 65101.** I, DAVID M. ROBERTS , being duly sworn, depose and say that on the 03 day of DEC. , 2018 at 2:41 p.m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri (Except Attachment Action); and Petition for Damages in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving
as for the above-named entity.

( ) CORPORATE SERVICE: By serving
as for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 12th day
of DEC. 18 by the affiant who is
personally known to me.

NOTARY PUBLIC

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

PROCESS SERVER # PPS18-0209
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2018020916

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h

Electronically Filed - Jackson - Independence - December 13, 2018 - 09:56 AM



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 1816-CV30104 |
|---|---|
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

vs.

## Summons in Civil Case

The State of Missouri to: **DLORAH, INC**
Alias:

221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

# PRIVATE PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-NOV-2018
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to LAUREN SHIPLEY (name) designee of Reg. Agent (title).

☐ other _____

Served at CSC-Lawyers Inc. Service Co. 221 Bolivar St., Jefferson City, MO 65101 (address)

in COLE (County/City of St. Louis), MO, on 12/03/18 (date) at 2:41 pm (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 12-5-18 (date).

My commission expires: 12-4-20 _____
Date                     Notary Public

(Seal)

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | |

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 18-SMCC-11986    1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00008-HFS   Document 1-1   Filed 01/02/19   Page 48 of 50

# AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 1816-CV30104

Plaintiff/Petitioner:
**SHAYANNE BOWMAN**
vs.
Defendant/Respondent:
**DLORAH, INC.**

Received by HPS Process Service & Investigations to be served on **DLORAH, INC., 221 Bolivar Street, Jefferson city, MO 65101.** I, _DAVID M. ROBERTS_ , being duly sworn, depose and say that on the _03_ day of _DEC._ , 20_18_ at _2:41_ p.m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri (Except Attachment Action); and Petition for Damages in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving _LAUREN SHIPLEY_
as _designee_ _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _12th_ day
of _Dec._ , _18_ by the affiant who is
personally known to me.

_Patricia J. Roberts_
NOTARY PUBLIC

PATRICIA J. ROBERTS
Notary Public-Notary Seal
STATE OF MISSOURI-County of Cole
Commission #12481691
My Commission Expires Dec. 4, 2020

_D M Roberts_

PROCESS SERVER # _PPS18-0209_
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2018020916

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 1816-CV30104 |
|---|---|
| Plaintiff/Petitioner:<br>SHAYANNE BOWMAN | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW K SMITH<br>221 W LEXINGTON SUITE 400<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>DLORAH, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

vs.

## Summons in Civil Case

The State of Missouri to: **DLORAH, INC**
Alias:

221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-NOV-2018
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   LAUREN SHIPLEY (name) designee of Reg. Agent (title).
☐ other _____
Served at CSC-Lawyers Inc. Service Co. 221 Bolivar St. Jefferson City, MO 65101 (address)
in COLE (County/City of St. Louis), MO, on 12/03/18 (date) at 2:41 pm (time).

DAVID M. ROBERTS            _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)      Subscribed and sworn to before me on 12-5-18 (date).
My commission expires: 12-4-20 _____
                    Date            Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | PATRICIA J. ROBERTS<br>Notary Public-Notary Seal<br>STATE OF MISSOURI-County of Cole<br>Commission #12481691<br>My Commission Expires Dec. 4, 2020 |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ | |
| Mileage | $ 10.00 | |
| Total | $ ( ____ miles @ $____ per mile) | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 18-SMCC-11986   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00008-HFS   Document 1-1   Filed 01/02/19   Page 50 of 50