IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SHAYANNE BOWMAN, )
JACKQUELYNN MORTENSON )
)
Plaintiffs, )
)
v. ) Case No. 19-0008-CV-W-HFS
DLORAH, INC. d/b/a NATIONAL )
AMERICAN UNIVERSITY, STACY J. )
WILTON, TYREE SMITH, ROBIN )
D. COOK, et al., )
)
)
Defendants. )

**ORDER**

Presently pending before the court is a motion to dismiss filed by defendant, Dlorah, Inc., d/b/a National American University (NAU). (Doc. 3). Also pending is a motion to remand (Doc. 13) filed by plaintiffs, Shayanne Bowman and Jackquelyn Mortenson, in which they dispute that defendants Stacy Wilton (admissions representative and recruiter at NAU), Tyree Smith (supervisor of the

1

admissions and recruitment departments at NAU), and Robin Cook (financial aid representative at NAU)[1], were fraudulently joined to defeat removal.

Background

Plaintiffs state that they attended the campus of defendant NAU, located in Independence, Missouri. (Petition: ¶¶ 2-3). According to plaintiffs, NAU is a private for profit postsecondary vocational institution and participates in federal student loan and grant programs. (Id: ¶¶ 16-17). Plaintiffs claim that NAU entices prospective students to enroll and apply for student loans, while shielding itself from any risk from student loan defaults. (Id: ¶ 18). Plaintiffs claim that this is accomplished by NAU through its publications, advertisements, recruiting materials and individuals acting as "recruiters and enrollment" advisors. (Id). Plaintiffs enrolled in the Medical Assistant Program based on NAU's representation that the program was accredited and would remain so through their graduation. (Id: ¶¶ 21-22). Plaintiffs state that after enrolling and graduating, they learned in March of 2014, that the Medical Assistant Program was not accredited. (Id: ¶¶ 21, 35).

---

[1] Alleged in paragraphs 5 thru 7 of the Petition.

On November 18, 2018, plaintiffs filed suit in the Circuit Court of Jackson County at Independence, Missouri. In the Petition, plaintiffs asserted claims against the defendants collectively: in Count I for Fraudulent Misrepresentation; in Count II for Negligent Misrepresentation; in Count III for Civil Conspiracy; and in Count IV for violation of the Missouri Merchandising Practices Act.

On January 2, 2019, NAU removed the action to this court contending that complete diversity exited between itself and plaintiffs and that the amount in controversy exceeded $75,000; thus, jurisdiction was proper pursuant to 28 U.S.C. § 1332. NAU claims that the individually named defendants, Wilton, Smith, and Cook, were fraudulently joined in order to defeat diversity.

Discussion

Preliminarily, it is noted that although the motion to remand was filed subsequent to the dismissal motion, a question of whether federal jurisdiction exists requires initial review. A federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court. Samland v. Turner Enterprises, Inc., 2012 WL 3104143 *3 (D.Neb.)(the question of subject matter jurisdiction must be resolved before the

defendant's motion to dismiss may be considered); see also, Zavanna, LLC v. RoDa Drilling Co., 2009 WL 3720177 * 11 (D.N.D). Thus, a determination on the question of fraudulent joinder will be ruled before proceeding further.

Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendant. Arens v. O'Reilly Automotive, Inc., 874 F.Supp.2d 805, 807 (D.Minn. 2012); citing, Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)(if there is a colorable cause of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder).

Plaintiffs are residents of Missouri, and defendant NAU is headquartered in Rapid City, South Dakota; while, defendants Wilton, Smith, and Cook are residents of Missouri (collectively referred to as "the individual defendants"). (Notice of Removal: ¶¶ 2-3, 13). The prevalent argument here is NAU's contention that the individual defendants have no real connection to the controversy and plaintiffs asserted claims against them in order to defeat diversity. NAU also contends that plaintiffs misinterpret the standard for fraudulent joinder set out in Filla, in that plaintiffs attempt to argue that fraudulent joinder is defeated when there is any *conceivable* liability to an in-state defendant. Contrary to NAU's contention,

4

review of the pleadings indicate plaintiffs' grasp of the Filla standard in that there must be a *reasonable* basis in fact and law in support of a claim against a resident defendant.

Next, NAU argues that plaintiffs' failure to allege at least *some* facts against the individual defendants results in a finding that they were fraudulently joined to defeat diversity. In support of this argument NAU relies on Brann v. Boehringer Ingelheim Pharmaceuticals, Inc., 2012 WL 12811799, a case in which I determined that some of the defendants were fraudulently joined. In that case, the plaintiff wife alleged that while ingesting Mirapex[2] she engaged in uncontrolled gambling and suffered substantial monetary losses. Plaintiff and her husband asserted claims of negligence, fraudulent concealment, unjust enrichment, and loss of consortium against pharmaceutical companies. Other named defendants included Ameristar Casino, and the Missouri Gaming Co. ( the casino defendants).

Plaintiffs conceded that they did not have a claim for duty to warn, but argued that the casino defendants had a duty to "share their knowledge about the risks of Mirapex" and had a duty to provide a warning adequate to enable plaintiff and other members of the public. Brann, 2012 WL 12811799 at *2; citing

---

[2] Described by plaintiffs as a prescription medication primarily designed to treat symptoms of Parkinson's disease and Restless Leg Syndrome. *Brann v. Boehringer, et al. Case No. 11-1212-HFS, Doc. 1 Exh. A, Petition: ¶ 17*.

Petition: ¶¶ 58-62). Contrary to the plaintiffs' allegations, however, state law did not impose on casinos a duty to warn, or a duty to disclose an assumed superior knowledge about the hazards of gambling while using Mirapex. Brann, at *3. Similarly, the plaintiffs failed to adequately allege that the casino defendants fraudulently concealed a purported knowledge of Mirapex as it relates to uncontrolled gambling. Id.

Thus, remand was inappropriate; not based on the artfulness of the pleadings under a failure to state a claim defense, but rather, because there existed no reasonable basis in law in support of the plaintiffs' claims. Brann, at *3. Because there existed no reasonable basis in law supporting the claims alleged against the casino defendants, joinder was fraudulent. Consequently, those defendants were dismissed from the action and plaintiffs' remand motion was denied; not, as argued by NAU, in the absence of claims asserted against the non-diverse defendants individually, but because there was no reasonable basis in law to sustain claims against them. Individual-based allegations are not the test, for allegations referring to defendants *collectively* necessarily includes the individual defendants. Price v. BPL Plasma, Inc., 2018 WL 4094863 *3 (W.D.Mo.).

It should be noted, however, that in the instant matter NAU states that the caption of the Petition lists a Kansas address for individual defendant Wilton, and individual defendant Smith was not employed by NAU during plaintiffs' attendance. (Suggestions in Opposition to Remand: pg. 3, n.1). Plaintiffs do not dispute this information, but diversity would still be found lacking based on the Missouri citizenships of plaintiffs and individual defendant Cook, both undisputedly Missouri citizens.

Here, plaintiffs have alleged that individual defendant Cook, as NAU's financial aid representative, engaged in the scheme of fraudulent and misleading representations when she pursued them – even pulling them out of class – to impress upon them the urgency for additional funding to complete the programs. (Petition: ¶ 7). Plaintiffs also alleged that NAU used a deceptive marketing scheme to entice prospective students through, among other things, its individual recruiters and advisors which would include the individual defendants. (Id: ¶ 18); and at least some of the misrepresentations and omissions occurred at plaintiffs' homes. (Id: 30(a)).

In support of the claim for fraudulent misrepresentation, plaintiffs alleged that the defendants (collectively) made material misrepresentations regarding,

but not limited to, job placement, graduation rates, quality of instructors, transferability of credits to other institutions, and the cost and duration of programs. (Id: ¶ 41). Plaintiffs state that, as alleged, these failures provided the basis, in large part, for their claims of negligent misrepresentation and civil conspiracy, as well as conduct prohibited under the Missouri Merchandising Act, R.S.Mo. § 407.010 .

NAU complains about the inadequacy of plaintiffs "skeletal pleading" as to each of the individual defendants. In a fraudulent-joinder analysis, however, focus is not on the artfulness of the plaintiffs' pleading, but rather, the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. Arens, 874 F.Supp.2d at 808-09; citing, Filla, 336 F.3d at 811. It is NAU's burden to establish fraudulent joinder, and that burden is a heavy one, which, here, NAU has not met. Failing to establish fraudulent joinder results in a finding that complete diversity is lacking, and this court lacks subject-matter jurisdiction.

Upon finding that remand is proper on the fraudulent joinder issue, this court need not address plaintiffs' procedural defect argument that the non-diverse defendants did not consent to removal. Further, although not a

8

particularly close case, I do not find that NAU lacked such an objectively reasonable basis for seeking removal that plaintiffs should be awarded costs and fees.

Accordingly, NAU's motion to dismiss (Doc. 3) is DENIED as moot, and plaintiffs' motion for remand (Doc. 13) is GRANTED. The Clerk of the Court is directed to REMAND this case to the Circuit Court of Jackson County, Missouri at Independence.

/s/ Howard F. Sachs

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

March 29, 2019

Kansas City, Missouri